# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**OBIEKWE STEPHEN OKWUDIL UGOCHUKWU,**

                Petitioner**,**

  **v.**

**Case No. 06-C-1236**

**MICHAEL CHERTOFF, Secretary of DHS,**
**DEBORAH ACHIM, and DAVID BETH,**

                Respondents.

## DECISION AND ORDER

      The petitioner, Obiekwe Stephen Okwudil Ugochukwu ("Ugochukwu"), has brought a petition for relief under the general habeas corpus statute, 28 U.S.C. § 2241. Ugochukwu alleges that he is currently being detained in the Kenosha County jail, pending deportation to Nigeria pursuant to a final order of removal which was affirmed by the Seventh Circuit Court of Appeals. As best as the Court can discern from Ugochukwu's petition, he appears to be challenging (1) the validity of the removal order itself, and (2) the validity of his removal-period detention, pending deportation. After an initial review of the petition, the Court concludes that it must be dismissed as a matter of law. *See* 28 U.S.C. § 2243, ¶ 1 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*") (emphasis added).

      As to the validity of the removal order itself, the law is very clear that a "district court lacks jurisdiction to compel the Attorney General to initiate or resolve proceedings that

would lead to relief from removal." *Sharif v. Ashcroft*, 280 F.3d 786, 787-88 (7th Cir. 2002). Quite simply, the Court lacks jurisdiction to issue a writ of habeas corpus that would stop the Immigration and Naturalization Service (INS) from implementing removal orders. While there are very narrow exceptions, the Court is unpersuaded that Ugochukwu's petition qualifies for one of those exceptions. *See Chapinski v. Ziglar*, 278 F.3d 718, 719-20 (7th Cir. 2002) (exceptions to judicial review confined to rare cases that present substantial constitutional issues or bizarre miscarriages of justice); *see also INS v. St. Cyr*, 533 U.S. 289, 314 (2001) (district courts retain jurisdiction under 28 U.S.C. § 2241 to review a habeas petition challenging a Board of Immigration Appeals' holding that an alien was ineligible to apply for a particular form of discretionary relief from deportation).

As for Ugochukwu's removal period detention, *i.e.*, Ugochukwu's current detention pending his deportation, when an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government "ordinarily secures the alien's removal during a subsequent 90-day 'removal period,' during which time the alien normally is held in custody." *Zadydas v. Davis*, 533 U.S. 678, 682 (2001). Ninety days is often not enough time to secure removal, so aliens subject to a removal order can be detained for a longer period of time. The Supreme Court, noting that Congress "previously doubted the constitutionality of detention for more than six months," recognized a 6-month presumption for removal-period detention. *Id.* at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Ugochukwu expends a great deal of energy arguing that he is unlikely to be deported, given his unique individual circumstances and the current political and civil unrest in Nigeria. However, under Immigration and Naturalization Act (INA) § 241(a)(1)(B)(ii) (8 U.S.C. § 1231), if the removal order is judicially reviewed and the court orders a stay of the removal of the alien, the removal period does not begin to run until the "date of the court's final order." *See Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221, 1223-24 (W.D. Wash. 2004). According to the documents submitted in connection with his petition, Ugochukwu's deportation was stayed during the pendency of his appeal, the removal order was affirmed by the Seventh Circuit in August 2006, and the Seventh Circuit denied his petition for a rehearing on October 19, 2006. Therefore, the removal period did not begin to run until October 19, so Ugochukwu's motion for relief from his removal-period detention is premature – it has only been one and one half months since his removal period commenced. Ugochukwu is free to re-petition the Court if his removal-period detention exceeds six months.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Ugochukwu's petition for a writ of habeas corpus is **DENIED**; and

2. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2006.

                                      **SO ORDERED,**

                                      **s/Rudolph T. Randa**
                                      **HON. RUDOLPH T. RANDA**
                                      **Chief Judge**